IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SONG YANG,

    Plaintiff,

  v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

    Defendant.
_____/

No.  CIV.S-04-2263 DAD

ORDER

This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

Plaintiff Song Yang applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). (Transcript (Tr.) at 48-50.)  The Commissioner denied plaintiff's

1

application initially and on reconsideration.  (Tr. at 35-38, 41-44.)
Pursuant to plaintiff's request, a hearing was held before an
administrative law judge ("ALJ") on April 29, 2004, at which time
plaintiff was represented by counsel.  (Tr. at 235-53.)  In a
decision issued on July 19, 2004, the ALJ determined that plaintiff
was not disabled.  (Tr. at 8-22.)  The ALJ entered the following
findings:

> 1. The claimant has not engaged in substantial gainful activity since December 15, 1999.
>
> 2. The medical evidence establishes that the claimant has the following severe impairments: profound hearing loss in her right ear but only moderate hearing loss in her left ear correctable with a hearing aid; back sprain/strain.  The claimant does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
>
> 3. Neither the claimant's subjective complaints nor the reports by 3rd parties are found to be credible for the reasons stated above.  The undersigned finds that the medical records show clear evidence of malingering and/or exaggeration.
>
> 4. The claimant has the following residual functional capacity: the claimant is limited to lifting 20 pounds occasionally, 10 pounds frequently.  She is capable of standing, walking and sitting for up to 6 hours.  Postural activities are limited to occasional.  She is unable to work around machinery.  Because of hearing loss the claimant is restricted to work which requires minimal contact with the public and she also cannot work in a noisy environment.

2

     5.    The claimant has no past relevant work.

     6.    The claimant is 35-years-old, which is defined as a younger individual.

     7.    The claimant has a high school education. However, the claimant reports she is illiterate in the English language (20 CFR § 416.964).

     8.    Based on an exertional capacity for a wide range of light work, and the claimant's age, education, and work experience, section 416.969 of Regulations No. 16 and Rule 202.16, Table No, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled".

     9.    The claimant's capacity for a wide range of light work has not been compromised by her other non-exertional limitations. Accordingly, using the above-cited rule as a framework for decision-making, the claimant is not disabled.

     10.   The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(f)).

(Tr. at 21.) The Appeals Council declined review of the ALJ's decision on September 3, 2004. (Tr. at 4-6.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on October 21, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. <u>Schneider v. Comm'r of the Soc. Sec. Admin.</u>, 223 F.3d 968, 973 (9th Cir. 2000);

3

Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

/////

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances two arguments in her motion for summary judgment.  First, plaintiff asserts that the ALJ erred at step two of the sequential evaluation process in not finding plaintiff's alleged depression to be a "severe" impairment.  Second, plaintiff argues that the ALJ erred in his reliance on the Medical-Vocational Guidelines (the "grids") in determining whether plaintiff is capable of performing any other work that exists in the national economy. The court addresses plaintiff's arguments below.

5

1   It is well-established that at step two of the sequential
2 evaluation the ALJ must determine if the claimant has a medically
3 severe impairment or combination of impairments.  Smolen v. Chater,
4 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at
5 140-41).  The purpose of step two of the sequential evaluation is
6 merely to identify claimants whose medical impairment is so slight
7 that it is unlikely they would be disabled even if age, education,
8 and experience were taken into account.  Yuckert, 482 U.S. at 153.
9 "An impairment or combination of impairments can be found 'not
10 severe' only if the evidence establishes a slight abnormality that
11 has 'no more than a minimal effect on an individual's ability to
12 work.'"  Smolen, 80 F.3d at 1290 (citations omitted).  See also 20
13 C.F.R. §§ 404.1521(a), 416.921(a) ("An impairment or combination of
14 impairments is not severe if it does not significantly limit your
15 physical or mental ability to do basic work activities.").  It has
16 been recognized that the step-two inquiry is but "a de minimis
17 screening device to dispose of groundless claims."  Smolen, 80 F.3d
18 at 1290 (citing Yuckert, 482 U.S. at 153-54).  See also Edlund v.
19 Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).

20   Nonetheless, plaintiff's argument regarding the ALJ's step
21 two analysis lacks merit.  The only medical evidence indicating that
22 plaintiff suffers from a severe mental impairment is the report of
23 the psychiatric evaluation performed by Bradley Daigle, M.D., an
24 examining psychiatrist.  (Tr. at 136-42.)  Dr. Daigle assessed
25 plaintiff as slightly to moderately limited in her ability to engage
26 in certain mental activities due to an adjustment disorder with

depressed mood and a probable personality disorder with dependent, inadequate and histrionic features.  (Tr. at 140-42.)  However, a separate psychological evaluation by Barry N. Finkel, Ph.D., an examining psychologist, contradicted Dr. Daigle's findings.  (Tr. at 169-72.)  Dr. Finkel assessed plaintiff as a malingerer.  (Tr. at 172.)  As a general matter, the ALJ was free to resolve the conflict between the reports of Dr. Daigle and Dr. Finkel.  See Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ.").

        Moreover, having reviewed the record, the court finds that the ALJ rejected Dr. Dingle's contradicted report upon a showing of "specific and legitimate reasons that are supported by substantial evidence in the record."  Lester, 81 F.3d at 830.  For example, the ALJ accurately noted that there are no medical records indicating that plaintiffs' physicians have ever treated her for depression or any other mental impairment.  While some of the notations in plaintiff's treatment records are partially illegible, the court likewise has found no evidence of mental health treatment or even a diagnosis of a mental impairment in the record.  Nor has counsel for plaintiff directed the court's attention to such evidence.  The court recognizes that "'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'"  Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir.

1996)(quoting <u>Blankenship v. Bowen</u>, 874 F.2d 1116, 1124 (6th Cir. 1989)).  However, considering the nature of the record as a whole, the lack of medical evidence regarding any alleged mental impairment is relevant.

Additionally, the record contains substantial evidence of malingering and exaggeration of symptoms on the part of plaintiff. As the ALJ noted, on two occasions plaintiff, who also alleges disability based on hearing loss, has given inconsistent and unreliable responses during audiologic evaluations.  (Tr. at 103, 199-200.)  Satish Sharma, M.D., a consulting internal medicine specialist, also had difficulty in examining plaintiff who claimed to be unable to answer simple questions regarding the date, month and year.  (Tr. at 123.)  Dr. Finkel noted that plaintiff "walked very slowly down a hallway into the office, in almost constant contact with the wall.  Gait was entirely normal leaving the office."  (Tr. at 171.)  Plaintiff also was unable to name any city in the United States and claimed an inability to add one plus one (i.e., 1 + 1). (<u>Id</u>.)  Moreover, while she scored zero on certain psychological tests; according to Dr. Finkel, persons with mental retardation and/or significant brain damage usually are able to achieve some type of score on such tests.  (Tr. at 171-72.)[1]

As the assessor of credibility, the ALJ was in the best position to judge plaintiff's less than sincere demeanor at the

---

[1] It should be noted that an interpreter was present during Dr. Finkel's evaluation as well as the other consultative examinations and at the administrative hearing.  (Tr. at 119, 136, 169, 237.)

1  administrative hearing and the ALJ characterized plaintiff's demeanor
2  as "factitious."  (Tr. at 13.)  See Morgan, 169 F.3d at 599
3  ("questions of credibility and resolutions of conflicts in the
4  testimony are functions solely of the Secretary").  The ALJ also
5  doubted plaintiff's claim of being nearly incapable of communicating
6  in English despite having resided in the United States since she was
7  a child (i.e., for over 25 years).

8        For all of these reasons, the court finds that the
9  administrative record contains substantial evidence supporting the
10 ALJ's determination at step two of the sequential evaluation that
11 plaintiff does not suffer from a severe mental impairment.
12 Plaintiff's alleged depression has no more than a minimal effect on
13 her ability to work.

14       Plaintiff's other argument concerns that ALJ's use of the
15 grids.  At the fifth and final step of the sequential evaluation
16 process, the Commissioner can satisfy the burden of showing that the
17 claimant can perform other types of work in the national economy,
18 given the claimant's age, education, and work experience, by either:
19 (1) applying the Medical-Vocational Guidelines (the "grids") in
20 appropriate circumstances; or (2) taking the testimony of a
21 vocational expert ("VE").  See Polny v. Bowen, 864 F.2d 661, 663 (9th
22 Cir. 1988); Burkhart, 856 F.2d at 1340 (citing Desrosiers v. Sec'y of
23 Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson,
24 J., concurring)).

25       The grids are designed to show available work in the
26 national economy for individuals with exertional (i.e., strength)

limitations, as impacted by the factors of age, education, and work experience. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d) & (e). They may be utilized as long as they "accurately and completely describe the claimant's abilities and limitations." Burkhart, 856 F.2d at 1340 (citing Jones, 760 F.2d at 998). See also Reddick v. Chater, 157 F.3d 715, 729 (9th Cir. 1998); 20 C.F.R. Pt. 404, Subpart P, App. 2, § 200.00(b). However, when a claimant's nonexertional limitations are sufficiently severe to significantly limit the range of work permitted by exertional limitations, the grids are inapplicable. See Burkhart, 856 F.2d at 1340; Desrosiers, 846 F.2d at 577; see also Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983).

Plaintiff's brief argument that the ALJ erred in relying on the grids is that the ALJ should have heard testimony from a vocational expert due to the nonexertional limitations identified by Dr. Daigle caused by plaintiff's alleged depression. However, as discussed above, the ALJ properly discounted the opinion of Dr. Daigle. Accordingly, substantial evidence supports the ALJ's determination that plaintiff's alleged mental limitations did not significantly limit her ability to perform the full range of light work. Testimony from a vocational expert was not necessary under the circumstances.

**CONCLUSION**

Accordingly, the court HEREBY ORDERS that:

1. Plaintiff's motion for summary judgment is denied;

2. Defendant's cross-motion for summary judgment is granted; and

1                3.   The decision of the Commissioner denying benefits is
2    affirmed.
3    DATED: January 24, 2006.

                                    _____
                                    DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\yang2263.order